IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff, | : | CIVIL ACTION NO: 12-4253 |
| vs. | : | |
| | : | |
| SHARON DETWEILER, | : | |
| Defendant | : | |

## ANSWER

AND NOW, comes the Defendant, Sharon Detweiler, by and through her attorneys, Norman Mittman, Esquire, and Mittman & Liebman Associates, and Answers Plaintiff's Complaint as follows:

1. Admitted, in part; denied, in part. Defendant admits that Plaintiff has alleged violations of 17 U.S.C. §§101, et seq. (the "Copyright Act"). Defendant denies that she committed even a single act of infringement.

2. Denied. It is specifically denied the Defendant is a persistent online infringer of Plaintiff's copyrights or that Defendant's internet service was used to illegally distribute movies set forth in Exhibit "A" to Plaintiff's Complaint. Strict proof thereof is demanded at the time of trial, if deemed relevant.

3. Denied. Although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant.

4. Denied. The averments of this paragraph are denied as conclusions of law, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further reply, no copyright registration numbers are provided in Plaintiff's Complaint.

5. Admitted, in part; denied, in part. It is admitted only that Defendant lives within this District. It is specifically denied that Defendant engaged in any act of copyright infringement or tortuous conduct, and strict proof thereof is demanded at the time of trial, if deemed relevant.

6. Admitted, in part; denied, in part. It is admitted only that Defendant lives within this District and Commonwealth. It is specifically denied that Defendant engaged in any act of copyright infringement, and strict proof thereof is demanded at the time of trial, if deemed relevant.

**Parties**

7. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant.

8. Admitted, in part; denied, in part. It is admitted only that Defendant lives within the Commonwealth of Pennsylvania, and that Defendant's public IP address is 69.253.70.10. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied. The remaining averments of this paragraph are denied as conclusions of law, and strict proof thereof is demanded at the time of trial, if deemed relevant.

9. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof

thereof is demanded at the time of trial, if deemed relevant. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied.

## Factual Background

10. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

11. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

12. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

13. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

14. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof

thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

15. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response, it specifically denied that Defendant ever used BitTorrent.

16. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to IPP Limited's actions or conduct, or whether IPP Limited is a licensed investigator under the Pennsylvania Private Detective Act of 1953, 22 P.S. §1, et seq., and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibits "A," "B" and "C" of Plaintiff's complaint represent document prepared by Defendant or its agents or representatives, which speak for themselves, and any representations or characterizations regarding same are denied. It is specifically denied that IPP Limited was authorized to establish a connection with Defendant's IP address.

17. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied.

18. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant.

19.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied. By way of further reply, although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant.

20.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied. By way of further reply, although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant.

21.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibit "A" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied. By way of further reply, although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are

provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant.

22.   Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. Exhibit "B" to Plaintiff's complaint is a document prepared by Defendant or its agents or representatives, which speaks for itself, and any representations or characterizations regarding same are denied. By way of further reply, although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant. By way of further response, Defendant specifically denies infringing or distributing pieces of computer files containing copies of the movies covered by the alleged Copyrights-In-Suit, and strict proof thereof is demanded at the time of trial, if deemed relevant.

23.   Denied. The averments of this paragraph are conclusions of law and strict proof thereof is demanded at the time of trial, if deemed relevant. By way further response, Defendant specifically denies infringing on any copyrights, including the alleged copyrights of Plaintiff. Defendant informed Plaintiff by and through Plaintiff's agent, that any alleged downloading was not done on Defendant's computer and was not done by Defendant. Notwithstanding, Plaintiff proceeded with the filing of this lawsuit against Defendant, although Plaintiff knew or had reason to know that Defendant should not be a party to any case involving copyright infringement by use of a computer and the internet.

24.   Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof

thereof is demanded at the time of trial, if deemed relevant. By way of further response, Defendant specifically denies infringing on any copyrights, including the alleged copyrights of the Plaintiff in this matter. Defendant informed Plaintiff by and through Plaintiff's agent, that any alleged downloading was not done on Defendant's computer and was not done by Defendant. Notwithstanding, Plaintiff proceeded with the filing of this lawsuit against Defendant, although Plaintiff knew or had reason to know that Defendant should not be a party to any case involving copyright infringement by use of a computer and the internet.

## Miscellaneous

25. Denied. The averments of this paragraph are conclusions of law to which strict proof thereof is demanded at the time of trial, if deemed relevant.

26. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant.

## COUNT I
## Direct Infringement Against Defendant

27. The answers contained in the prior paragraphs of this Answer are incorporated herein by reference as if fully set forth herein.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further reply, although Plaintiff asserts that it has registered copyrights, no copyright registration numbers are provided in Plaintiff's Complaint, and strict proof of Plaintiff's assertion that it owns these copyrights is demanded at the time of trial, if deemed relevant. Moreover, at least six (6) of the allegedly

copyrighted works listed in Exhibit "A" to Plaintiff's complaint, show copyright registration dates that post-date the alleged infringement dates, or lack alleged registration dates altogether.

29. Denied. It is specifically denied that the Defendant used the BitTorrent protocol or copied or distributed any materials allegedly copyrighted by Plaintiff, and strict proof thereof is demanded at the time of trial, if deemed relevant.

30. Denied. It is specifically denied that Defendant copied Plaintiff's alleged works, and strict proof thereof is demanded at the time of trial, if deemed relevant.

31 (A – D). The averments of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further reply, it is specifically denied that Defendant reproduced, redistributed, showed, displayed or performed, Plaintiff's allegedly copyrighted works, and strict proof thereof is demanded at the time of trial, if deemed relevant.

32. Denied. The averments of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial, if deemed relevant. By way of further response it is specifically denied that Defendant infringed on any alleged copyrights of the Plaintiff or did so willfully, and strict proof thereof is demanded at the time of trial, if deemed relevant.

33. Denied. The averments of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial, if deemed relevant.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant her reasonable attorney's fees and costs in defending this matter.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

### Second Affirmative Defense

2.      Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff, Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rules 12(b)(7) of the Federal Rules of Civil Procedure and for such failure, Plaintiff's Complaint should be dismissed with prejudice as to Defendant.

### Third Affirmative Defense

3.      Defendant further asserts the affirmative defense that the statutory damages sought by Plaintiff are unconstitutionally excessive as applied.

4.      Plaintiff seeks statutory damages of at least $150,000.00 per movie for the 25 movies set forth in Exhibit "A" of Plaintiff's Complaint.

5.      The total cost of purchasing the movie would have been $29.00 per movie.

6.      The total revenue to Plaintiff from selling the movie would have been even less than $29.00 per movie.

7.      Plaintiff seeks statutory damages equivalent to at least 5,172 time the amount of their actual damages.

8.      Courts have recognized statutory damages to be punitive in nature, On Davis v. The Gap, Inc., 246 F.3d 152, 172 (2d Cir. 2001), statutory damages must necessarily have a

reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement (not some ephemeral speculation on the cause of lost Movie sales). See Peer Int'l Corp. v. Luna Records, Inc., 887 F.Supp 560, 568 (S.D.N.Y. 1995); RSO Records, Inc., v. Peri, 596 F. Supp. 849, 826 (S.D.N.Y. 1984); Dae Han Video Production, Inc. v. Chun, 1990 U.S. Dist. LEXIS 18496, *22 (D.Va. June 18, 1990).

9. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13, 22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 77 U.S.P.Q.2d 1833, 2005 Copr.L.Dec.P 29,020 (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." Id.

10. Pursuant to applicable law concerning the constitutionality of statutory damages, the Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement.

11. The ratio of Plaintiff's recovery, if any, to its actual damages must be limited such that the ratio and recovery comport with due process.

12. At a minimum, the Plaintiff's recovery, if any, must not exceed nine (9) times the amount of their actual damages to so comport with due process and constitutional propriety.

13. Defendant contends that the Plaintiff's recovery, if any, must not exceed four (4) times the amount of their actual damages to so comport with due process and constitutional propriety.

14. For these reasons, this Court must limit Plaintiff's recovery, if any, to a ration that comports with due process and constitutional propriety.

### Fourth Affirmative Defense

15. Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

### Fifth Affirmative Defense

16. Upon information and belief, defendants plead affirmatively that the Plaintiff's claims with respect to the identified movies are barred by the doctrine of misuse of copyright.

### Sixth Affirmative Defense

17. Plaintiff's are barred from maintaining their claims on obtaining the relief sought in the case at bar under the doctrine of estoppel.

### Seventh Affirmative Defense

18. Plaintiff's claims are barred, in whole or in part by the appropriate statute of limitations.

### Eighth Affirmative Defense

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

20. Plaintiff failed to mitigate its damages, if any.

### Tenth Affirmative Defense

21. While Defendant denies the allegations of facts and conclusions of law alleged in Plaintiff's Complaint, Defendant asserts, in the alternative, that any downloading would have been solely for private entertainment and not for commercial use and, accordingly, invokes the doctrine of fair use as an affirmative defense. Sony Corp of America v. Universal City Studios, Inc., 464 U.S. 417 (1984).

<u>Eleventh Affirmative Defense</u>

22. Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of their rights.

<u>Twelfth Affirmative Defense</u>

23. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which she did not specifically reply to the Answer to Plaintiff's Complaint.

<u>Thirteenth Affirmative Defense</u>

24. Defendant reserves the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

WHEREFORE, Defendant prays that this Court find in favor of Defendant, deny Plaintiff's request for injunctive relief, actual and/or statutory damages or profits, attorneys fees and costs, and deny Plaintiff's request for any relief whatsoever. Defendant further prays that this Honorable Court award Defendant relief under Section 505 of the Copyright Act, as the prevailing party and dismiss Plaintiff's Complaint with prejudice. 17 U.S.C. Section 505 (2007). <u>Newborn v. Yahoo! Inc. and Google Inc.</u>, 391 F. Supp.2d 181 (D.D.C. 2005).

Respectfully Submitted,

MITTMAN & LIEBMAN ASSOCIATES

By: _____
Norman Mittman, Esquire
Attorney I.D. No. 04972
593-1 Bethlehem Pike
Montgomeryville, PA 18936
(215) 822-2700
fax: (215) 822-5717
e-mail: mittmanlaw@comcast.net
Attorney for Defendant, Sharon Detweiler

## **VERIFICATION**

I, Sharon Detweiler, verify that the statements made in this document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Dated: 10-22-12

_____
Sharon Detweiler

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC

             Plaintiff,    :   CIVIL ACTION NO: 12-4253

vs.

SHARON DETWEILER,
             Defendant

## CERTIFICATE OF SERVICE

     I, Norman Mittman, Esquire, the undersigned attorney for Sharon Detweiler, hereby verify that on the date set forth below, a true and correct copy of the within Answer has been filed electronically, and is available for viewing and downloading from the ECF system. Additionally, this document was sent via first class mail, to all counsel or unrepresented parties whose names are set forth herein:

             Christopher P. Fiore, Esq
             Fiore & Barber, LLC
             425 Main Street, Suite 200
             Harleysville, PA 19438
             Attorney for Plaintiff

Date of Service: 10-22-12

             _____
             Norman Mittman, Esquire
             Attorney I.D. No. 04972
             593-1 Bethlehem Pike
             Montgomeryville, PA 18936
             (215) 822-2700
             fax: (215) 822-5717
             e-mail: mittmanlaw@comcast.net
             Attorney for Defendant, Sharon Detweiler